Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ALFREDO MORALES, *individually and on behalf of*
*others similarly situated,*

                                  *Plaintiff,*

                      -against-

YERINA RESTAURANT CORP. (d/b/a ARTÉ) and
AZEM HASANGJEKAJ,

                               *Defendants.*
----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION**
**UNDER 29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Alfredo Morales ("Plaintiff Morales " or "Mr. Morales"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Yerina Restaurant Corp. (d/b/a Arté) ("Defendant Corporation"), and Azem Hasangjekaj (collectively, "Defendants"), upon information and belief, alleges as follows:

## <u>NATURE OF ACTION</u>

       1.    Plaintiff Morales was an employee of Defendants Yerina Restaurant Corp. (d/b/a Arté) and Azem Hasangjekaj.

       2.    Arté is an Italian restaurant owned by Azem Hasangjekaj located at 21 E 9th St #1, New York, NY 10003.

3.      Upon information and belief, Defendant Azem Hasangjekaj serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates or operated the Italian restaurant as a joint or unified enterprise.

4.      Plaintiff Morales was an employee of Defendants.

5.      Plaintiff Morales worked as a busboy, food runner, waiter, and ostensibly as a delivery worker at the Italian restaurant located at 21 E 9th St #1, New York, NY 10003.

6.      However, when ostensibly working as a delivery worker, Plaintiff Morales was required to spend several hours each day performing non-tipped duties unrelated to deliveries, including but not limited to cleaning  the bar, the coffee station, the carpet , the kitchen, the windows  and  the basement , transporting liquor bottles from the basement to the main room, carrying down food and other items delivered to the restaurant and stocking them around the basement, taking out the garbage , dishwashing, bringing up items from the basement for the cook and sweeping and mopping the entire place(hereinafter, "non-delivery, non-tip duties").

7.      Plaintiff Morales regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked each week.

8.      Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Morales appropriately for any hours worked either at the straight rate or overtime compensation for the hours over 40.

9.      Further, Defendants failed to pay Plaintiff Morales the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.    Defendants employed and accounted for Plaintiff Morales as a tipped worker in their payroll, but in actuality Plaintiff Morales' duties required a significant amount of time spent in non-tipped, non-delivery duties.

11.    Regardless, at all times, Defendants paid Plaintiff Morales and all other waiters, food runners and delivery workers at a rate that was lower than the required tip-credit rate.

12.    In addition, under state law, Defendants were not entitled to take a tip credit because Plaintiff Morales' non-tipped duties exceeded 20% of each workday 12 N.Y. C.R.R. §146.

13.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Morales' actual duties in payroll records to avoid paying him at the minimum wage rate, and to enable them to pay Plaintiff Morales at the lower tip-credited rate (which they still failed to pay), by designating him as a waiter, food runner or delivery worker instead of a non-tipped employee.

14.    In addition, Defendants maintained a policy and practice of unlawfully appropriating a portion of Plaintiff Morales' tips.

15.    Defendants' conduct extended beyond Plaintiff Morales to all other similarly situated employees.

16.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Morales and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

17.    Plaintiff Morales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

18.     Plaintiff Morales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Morales' State Law claims is conferred by 28 U.S.C. § 1367(a).

20.     Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Morales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

21.     Plaintiff Alfredo Morales ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Kings County, New York.

22.    Plaintiff Morales was employed by Defendants from approximately April 6, 2010 until on or about November 24, 2016.

23.    At all relevant times to this complaint, Plaintiff Morales was employed by Defendants as a busboy, runner, waiter, and ostensibly as a delivery worker at Arté, located at 21 E 9th St #1, New York, NY 10003.

24.    Plaintiff Morales consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

25.    Defendants own, operate and/or control an Italian restaurant located at 21 E 9th St #1, New York, NY 10003, under the name of Arte, at all times relevant to this complaint.

26.    Upon information and belief, Defendant Yerina Restaurant Corp. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 21 E 9th St #1, New York, NY 10003.

27.    Defendant Azem Hasangjekaj is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

28.    Defendant Azem Hasangjekaj is sued individually in his capacity as an owner, officer and/or agent of defendant Corporation.

29.    Defendant Azem Hasangjekaj possesses or possessed operational control over defendant Corporation, an ownership interest in defendant Corporation, or controlled significant functions of defendant Corporation.

5

30.     Defendant Azem Hasangjekaj determined the wages and compensation of employees, including Plaintiff Morales, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

31.     Defendants own, operate and/or control an Italian restaurant located at 21 E 9th St #1, New York, NY 10003.

32.      Individual Defendant Azem Hasangjekaj possess operational control over defendant Corporation, possess an ownership interest in defendant Corporation, and control significant functions of defendant Corporation.

33.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

34.     Each Defendant possessed substantial control over Plaintiff Morales' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Morales, and all similarly situated individuals, referred to herein.

35.     Defendants jointly employed Plaintiff Morales, and all similarly situated individuals, and are Plaintiff Morales' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

36.     In the alternative, Defendants constitute a single employer of Plaintiff Morales and/or similarly situated individuals.

37.    Upon information and belief, Individual Defendant Azem Hasangjekaj operates Defendant Corporation as either an alter ego of himself, and/or fail to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

(a)    failing to adhere to the corporate formalities necessary to operate defendant Corporation as a separate and legally distinct entity;

(b)    defectively forming or maintaining defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c)    transferring assets and debts freely as between all Defendants;

(d)    operating defendant Corporation for his own benefit as the sole or majority shareholder;

(e)    operating defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f)    intermingling assets and debts of his own with defendant Corporation;

(g)    diminishing and/or transferring assets of defendant Corporation to protect his own interests; and

(h)    Other actions evincing a failure to adhere to the corporate form.

38.    At all relevant times, Defendants were Plaintiff Morales' employers within the meaning of the FLSA and NYLL.

39.    Defendants had the power to hire and fire Plaintiff Morales, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Morales' services.

40.    In each year from 2011 to 2016, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

41.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Italian restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

42.    Plaintiff Morales is a former employee of Defendants, who was employed as a waiter, food runner and ostensibly as a delivery worker, but who spent more than 20% of each shift performing the non-delivery, non-tip duties outlined above.

43.    Plaintiff Morales seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Alfredo Morales*

44.    Plaintiff Morales was employed by Defendants from approximately April 6, 2010 until on or about November 24, 2016.

45.     At all relevant times, Plaintiff Morales was employed by Defendants to work as a waiter, food runner and ostensibly as a delivery worker.

46.    However, Plaintiff Morales was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

47.     Although Plaintiff Morales was ostensibly employed as a tipped worker, he spent more than 20% of his work time performing non-delivery work throughout his employment with Defendants.

48.     Plaintiff Morales regularly handled goods in interstate commerce, such as food, condiments, and supplies necessary to perform his duties as a waiter, food runner and ostensibly as a delivery worker.

49.     Plaintiff Morales' work duties required neither discretion nor independent judgment.

50.     Throughout his employment with Defendants, Plaintiff Morales regularly worked in excess of 40 hours per week.

51.     From approximately April 2011 until on or about November 24, 2016, Plaintiff Morales worked from approximately 10:30 a.m. until on or about 11:00 p.m. Mondays through Fridays, from approximately 2:30 p.m. until on or about 12:00 a.m. on Saturdays, and from approximately 2:30 p.m. until on or about 10:00 p.m. on Sundays (Typically 77 hours per week).

52.     Defendants only allowed Plaintiff Morales to take 2 days off each month.

53.     Throughout his employment with defendants, Plaintiff Morales was paid his wages by check.

54.     From approximately April 2011 until on or about December 2011, Plaintiff Morales was paid a fixed salary of $150 per week, however Defendants deducted $150 from his check for withholdings.

55.    From approximately January 2012 until on or about December 2015, Plaintiff Morales was paid a fixed salary of $200 per week, however Defendants deducted $150 from his check for withholdings.

56.     From approximately January 2016 until on or about November 24, 2016, Plaintiff Morales was paid a fixed salary of $300 per week, however Defendants deducted $150 from his check for withholdings.

57.    Plaintiff Morales' pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

58.    In fact, almost every day defendants required Plaintiff Morales to work an additional 30 minutes to 2 hours past his scheduled departure time to clean the business, and did not compensate him for the additional time they required him to work.

59.    In addition, from approximately 2011 until on or about November 2016, defendants always were late in paying Plaintiff Morales his weekly wages and tips; specifically, defendants paid Plaintiff Morales his paycheck three weeks after the end of the work weeks.

60.    Defendants never granted Plaintiff Morales a meal break or rest period of any kind.

61.    Plaintiff Morales was not required to keep track of his time, nor to his knowledge did Defendants utilize any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

62.    Defendants did not provide Plaintiff Morales with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

63.    Plaintiff Morales was never notified by Defendants that his tips were being included as an offset for wages.

64.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Morales' wages.

65.    Defendants withheld a portion of Plaintiff Morales' tips. Specifically, two or three times a month, Defendants withheld $5 from tips customers wrote in for Plaintiff Morales, and used the tip for purchasing  plates or glass cups or for the owners' own personal use.

66.    No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Morales regarding wages as required under the FLSA and NYLL.

67.    Defendants did not provide Plaintiff Morales with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

68.    Instead, from approximately 2011 until on or about November 2016, Plaintiff Morales' pay stubs stated a false amount of hours and a false amount earned per week.

69.    Defendants did not give any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

70.    Defendants regularly required their employees, including Plaintiff Morales, to work in excess of forty (40) hours per week without paying them the proper minimum wage, overtime, or Spread of Hours compensation.

71.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Morales (and all similarly situated employees) to work in excess of forty (40) hours per week without paying them appropriate minimum wage, spread of hours pay and/or overtime compensation, as required by federal and state laws.

72.    Defendants habitually required all tipped workers, including Plaintiff Morales, to work additional hours beyond their regular shifts, but did not provide them with any additional compensation.

73.    Defendants' pay practices resulted in Defendants' tipped workers, including Plaintiff Morales , not receiving payment for all their hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

74.    Defendants required all tipped workers, including Plaintiff Morales, to perform general non-delivery, non-tipped tasks in addition to their primary duties as tipped workers. Plaintiff Morales, and all similarly situated employees, were ostensibly employed as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-delivery, non-tipped duties.

75.    Plaintiff Morales and all other delivery workers were not even paid at the required lower tip-credit rate by Defendants. However, under state law, Defendants were not entitled to a

tip credit because the delivery worker's and Plaintiff Morales' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less) (12 N.Y.C.R.R. § 146).

76.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

77.    The tipped workers', including Plaintiff Morales', duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

78.    In violation of federal and state law as codified above, Defendants classified Plaintiff Morales and other delivery workers as tipped employees, but did not even pay them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

79.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Morales by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving Plaintiff Morales of a portion of the tips earned during the course of employment.

80.    Defendants unlawfully misappropriated charges purported to be gratuities received by Plaintiff Morales, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

81.    Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

82.    Defendants failed to inform Plaintiff Morales that his tips would be credited towards the payment of the minimum wage.

83.    At no time did Defendants inform Plaintiff Morales that they had reduced his hourly wage by a tip allowance.

84.    Defendants failed to maintain a record of tips earned by Plaintiff Morales for the deliveries he made to customers.

85.    Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

86.    Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Morales with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Morales' relative lack of sophistication in wage and hour laws.

87.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Morales (and similarly situated individuals) worked, and to avoid paying Plaintiff Morales properly for (1) the minimum wage, (2) his full hours worked, (3) for overtime due and (4) his spread of hours pay.

88.    Defendants failed to provide Plaintiff Morales and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

89.    Defendants failed to provide Plaintiff Morales  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing:  the rate or rates of pay and basis thereof, whether  paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;  the regular  pay day designated by the employer;  the name of the  employer;  any "doing business as"  names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different;  and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

90.    Plaintiff Morales brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them,

on or after the date that is three years before the filing of the complaint in this case (the "FLSA

Class Period"), as employees of Arté "FLSA Class").

91.    At all relevant times, Plaintiff Morales and other members of the FLSA Class who

are and/or have been similarly situated, have had substantially similar job requirements and pay

provisions, and have been subject to Defendants' common practices, policies, programs,

procedures, protocols and plans of willfully failing and refusing to pay them the required

minimum wage, the required overtime pay at a one and one-half their regular rates for work in

excess of forty (40) hours per workweek under the FLSA willfully taking improper wage

deductions and other improper credits against Plaintiff Morales' wages for which Defendants did

not qualify under the FLSA and willfully failing to keep records required by the FLSA.

92.    .The claims of Plaintiff Morales stated herein are similar to those of the other

employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

93.    Plaintiff Morales repeats and re-alleges all paragraphs above as though fully set

forth herein.

94.    At all times relevant to this action, Defendants were Plaintiff Morales' employers

(and employers of the putative FLSA Class members) within the meaning of the Fair Labor

Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Morales

(and the FLSA class members), control the terms and conditions of employment, and determine

the rate and method of any compensation in exchange for employment.

95.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

96.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

97.    Defendants failed to pay Plaintiff Morales (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

98.    Defendants' failure to pay Plaintiff Morales (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

99.    Plaintiff Morales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

100.    Plaintiff Morales repeats and re-alleges all paragraphs above as though fully set forth herein.

101.    Defendants, in violation of the FLSA, failed to pay Plaintiff Morales (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

102.    Defendants' failure to pay Plaintiff Morales (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

103.    Plaintiff Morales (and the FLSA Class members) were damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK MINIMUM WAGE RATE)**

104.    Plaintiff Morales repeats and re-alleges all paragraphs above as though fully set forth herein.

105.    At all times relevant to this action, Defendants were Plaintiff Morales' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Morales (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

106.    Defendants, in violation of the NYLL, paid Plaintiff Morales (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

107.    Defendants' failure to pay Plaintiff Morales (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Morales (and the FLSA Class Members) were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE OVERTIME PROVISIONS OF**
**THE NEW YORK STATE LABOR LAW)**

109.    Plaintiff Morales repeats and re-alleges all paragraphs above as though fully set forth herein.

110.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Morales (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek,

in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

111.    Defendants' failure to pay Plaintiff Morales (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

112.    Plaintiff Morales (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

113.    Plaintiff Morales repeats and re-alleges all paragraphs above as though fully set forth herein.

114.    Defendants failed to pay Plaintiff Morales (and the FLSA class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Morales' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

115.    Defendants' failure to pay Plaintiff Morales (and the FLSA Class members) an additional hour's pay for each day Plaintiff Morales' (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

116.    Plaintiff Morales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

19

117.    Plaintiff Morales repeats and re-alleges all paragraphs above as though fully set forth herein.

118.    Defendants failed to provide Plaintiff Morales with a written notice, in English and in Spanish (Plaintiff Morales' primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

119.    Defendants are liable to Plaintiff Morales in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE**
**NEW YORK LABOR LAW)**

120.    Plaintiff Morales repeats and re-alleges all paragraphs above as though set forth fully herein.

121.    Defendants did not provide Plaintiff Morales with accurate wage statements upon each payment of wages, as required by NYLL 195(3).

122.    Defendants are liable to Plaintiff Morales in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**
**(VIOLATION OF THE TIP WITHHOLDING PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

**123.**    Plaintiff Morales repeats and re-alleges all paragraphs above as though set forth fully herein.

124.    Defendants unlawfully and without permission from Plaintiff Morales misappropriated and withheld gratuities paid by customers which should have been retained by

Plaintiff Morales.

125.    Defendants' action violated NYLL §196-d.

126.    Defendants are liable to Plaintiff Morales in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Morales respectfully requests that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Morales  and the FLSA class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Morales  and the FLSA class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Morales' and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Morales and the FLSA class members;

(f)    Awarding Plaintiff Morales and the FLSA class members damages for the amount

of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Morales  and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Morales  and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Morales  and the members of the FLSA Class;

(j)     Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Morales and the FLSA class members;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Morales' and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Morales  and the FLSA Class members;

(m)     Awarding Plaintiff Morales  and the FLSA Class members damages for the amount of unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiff Morales  and the FLSA Class members damages for

Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Morales and the FLSA Class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Morales and the FLSA class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Morales  and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Morales demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       April 21, 2017

                           MICHAEL FAILLACE & ASSOCIATES, P.C.

                           /s/  Michael Faillace
                       By:    Michael A. Faillace [MF-8436]
                              60 East 42nd Street, Suite 2540
                              New York, New York 10165

23

(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

April 5, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                     Alfredo Morales

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:                 _Alfredo_

Date / Fecha:                      05 de abril 2017